**FILED**

AUG 13 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE L. FULLER,<br><br>    Plaintiff,<br><br>v.<br><br>D. BRADBURY, et. al.,<br><br>    Defendants. | No. C 14-00304 BLF (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a state prisoner at Pelican Bay State Prison ("PBSP"), filed the instant civil rights action in *pro se* pursuant to 42 U.S.C. § 1983, challenging conditions of confinement. Plaintiff's motion for leave to proceed *in forma pauperis* will be granted in a separate order.

## DISCUSSION

**A.** <u>Standard of Review</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a

claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B. **Plaintiff's Claims**

Plaintiff claims that on June 4, 2013, there was an incident in Facility A exercise yard at PBSP during which Defendants Correctional Officers R. Rexford, C. Rippetoe, S. McMattan, and A. Schaad used O.C. spray and/or "grenades" to quell inmate combatants. (Compl. at 3.) Plaintiff claims that after the inmates had been subdued, another grenade was thrown near his face which caused him to suffer "blurr[i]ness and a burning sensation" in his eyes. Plaintiff claims that this last grenade that injured him was unwarranted and amounts to excessive force. Liberally construed, Plaintiff's excessive force claim is cognizable under the Eighth Amendment, *see Hudson v. McMillian*, 503 U.S. 1, 6 (1992).

Plaintiff also claims that he has been subjected to excessive punishment and retaliation because he remains in administrative segregation for filing this claim while all other inmates involved in the incident have been released back into general population. (Compl. at 4.) These allegations indicate a violation of his right to due process, but Plaintiff fails to state sufficient facts to support such a claim. For example, if his placement in ad-seg was a disciplinary matter, Plaintiff may state a claim by showing that the five procedural protections under *Wolff v. McDonnell*, 418 U.S. 539 (1974) were not upheld: (1) written notice of the charges to enable an inmate to prepare a defense, *id.* at 564; (2) at least 24 hours to allow the inmate to prepare for the appearance before the disciplinary committee, *id.*; (3) a written statement by the factfinders as to the evidence

relied on and reasons for the disciplinary action, *id.*; (4) opportunity to call witnesses and present documentary evidence in his defense as long as it will not be unduly hazardous to institutional safety or correctional goals, *id.* at 566; and (5) assistance from the staff or another inmate where inmate is illiterate or issues are complex, *id.* at 570. However, the Court specifically held that the Due Process Clause does not require that prisons allow inmates to cross-examine their accusers, *see id.* at 567-68, and does not give rise to a right to counsel in the proceedings, *see id.* at 569-70. Plaintiff may also attempt to allege that prison officials failed to engage in some sort of meaningful periodic review of his confinement in ad-seg. *See Brown v. Oregon Dep't of Corr.*, 751 F.3d 983, 989-990 (9th Cir. 2014). Accordingly, Plaintiff shall be given an opportunity to file an amended complaint to attempt to state a due process violation.

## CONCLUSION

For the foregoing reasons, the complaint is **DISMISSED** with leave to amend. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint. The amended complaint must include the caption and civil case number used in this order and the words "AMENDED COMPLAINT" on the first page and write in the case number for this action, Case No. C 14-00304 BLF (PR). If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.

Because the amended complaint supersedes the original complaint, Plaintiff must also include the excessive force claim found to be cognizable above along with facts sufficient to support a due process claim in order to proceed with both claims in this matter. **In the alternative, Plaintiff may file notice that he wishes to proceed solely on the excessive force claim and have all other claims stricken from the complaint.**

**Failure to respond in accordance with this order in the time provided will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

...

1  The Clerk shall include two copies of the court's complaint with a copy of this
2  order to Plaintiff.
3  **IT IS SO ORDERED.**
4  DATED: Aug 20/13

BETH LABSON FREEMAN
United States District Judge