UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE L. FULLER,<br><br>        Plaintiff,<br><br>    v.<br><br>C. RIPPETOE, et al.,<br><br>        Defendants. | Case No. 14-cv-00304-HSG (PR)<br><br>**ORDER GRANTING DEFENDANTS' SECOND MOTION FOR EXTENSION OF TIME; DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>Re: Dkt. Nos. 46, 47 |

        Good cause appearing, defendants' second motion for an extension of time to file a dispositive motion is hereby GRANTED. The deadline for defendants to file a dispositive motion is CONTINUED to **May 18, 2015**. Plaintiff shall file any opposition to defendants' motion within **twenty-eight (28)** days of the date the motion is filed. Defendants shall file a reply within **fourteen (14)** days of the date the opposition is filed.

        Plaintiff has requested that counsel be appointed to assist him in this action. A district court has the discretion under 28 U.S.C. § 1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *See id.* Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915 (e)(1). Here, exceptional circumstances requiring the appointment of counsel are not evident. The request for appointment of counsel is therefore DENIED. The Court will consider appointment of counsel on its own motion, and seek volunteer

1  counsel to agree to represent plaintiff pro bono, if it determines at a later time in the proceedings
2  that appointment of counsel is warranted.
3      This order terminates Docket Nos. 46 and 47.
4  **IT IS SO ORDERED.**
5  Dated:  4/21/2015

HAYWOOD S. GILLIAM, JR.
United States District Judge