UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRUCE L. FULLER,

    Plaintiff,

  v.

C. RIPPETOE, et al.,

    Defendants.

Case No. 14-cv-00304-HSG

**ORDER GRANTING FINAL EXTENSION OF TIME TO FILE OPPOSITION TO SUMMARY JUDGMENT MOTION; DENYING LEAVE TO AMEND**

On February 4, 2016, Plaintiff filed a letter with this Court (Docket No. 78), wherein he alleges that he was prevented from filing his opposition to the pending summary judgment motion, *see id.* at 1–2. Accordingly, the Court will grant Plaintiff a fifth, and final, extension of time to file his opposition. Plaintiff is ordered to file his opposition to the Defendants' summary judgment motion **by March 18, 2016**. **No further extensions of time will be granted.**[1]

Defendants shall file a reply brief no later than 14 days after the date the opposition is filed. The summary judgment motion shall be deemed submitted as of the date the reply brief is due.

If Plaintiff does not file an opposition by March 18, 2016, the summary judgment motion shall be deemed submitted as of March 18, 2016.

In Plaintiff's February 4, 2016 letter, Plaintiff also alleges that prison officials are retaliating against him for exercising his right to access the courts by raiding his cell; confiscating his documents; and placing him in administrative segregation. *See* Docket No. 78 at 1–2. The

---

[1] Defendants' summary judgment motion was filed on May 18, 2015, and Plaintiff's opposition was initially due on June 15, 2015. Plaintiff requested, and received, four separate extensions of time to file his opposition. Plaintiff's opposition was due on January 8, 2016.

Court construes this letter as a request to amend the complaint to add retaliation claims. *Cf. Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) ("when issues are raised in opposition to a motion to summary judgment that are outside the scope of the complaint, '[t]he district court should have construed [the matter raised] as a request pursuant to rule 15(b) of the Federal Rules of Civil Procedure to amend the pleadings out of time.'") (quoting *Apache Survival Coal. v. United States*, 21 F.3d 895, 910 (9th Cir. 1994) (quoting *Johnson v. Mateer*, 625 F.2d 240, 242 (9th Cir. 1980)). It lies within the district court's discretion whether a plaintiff may expand his complaint by adding claims raised for the first time on summary judgment. *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1197–98 (9th Cir. 2003) (upholding district court's finding that plaintiff waived new § 1983 arguments raised for the first time in his summary judgment motion where nothing in the counts in the amended complaint suggested he was raising those arguments and he offered no excuse or justification for his failure to raise them earlier).

Plaintiff does not specify who committed the retaliatory actions. Accordingly, Plaintiff's request to amend the complaint is DENIED without prejudice to re-filing. Plaintiff should keep in mind that he may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997*); Desert Empire Bank v. Insurance Co. of North America*, 623 F.2d 1371, 1375 (9th Cir. 1980).

Plaintiff also has the option of seeking redress for prison officials' allegedly retaliatory actions in a separate action. The Clerk of the Court shall send Plaintiff a blank civil rights form along with his copy of this order so that he may pursue this option if he so chooses.

**IT IS SO ORDERED.**

Dated: 2/16/2016

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge