United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE L. FULLER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C. RIPPETOE, et al.,<br><br>　　　　　Defendants. | Case No. 14-cv-00304-HSG<br><br>**ORDER ADDRESSING PENDING MOTIONS; REOPENING CASE; AND REFERRING CASE TO FEDERAL PRO BONO PROJECT**<br><br>Re: Dkt. Nos. 87, 96 |

Plaintiff, an inmate at Kern Valley State Prison, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 alleging that when he was previously housed at Pelican Bay State Prison ("PBSP"), correctional officials used excessive force on him in violation of the Eighth Amendment. On August 8, 2016, the Court granted in part and denied in part Defendants' summary judgment motion and referred this case to Judge Vadas for settlement proceedings. Dkt. No. 84. On November 9, 2016, Judge Vadas reported that the parties were unable to reach an agreement at that time. Dkt. No. 95.

Now pending before the Court are (1) Defendants' motion for leave to file motion for reconsideration under Local Rule 7-9 (Docket No. 87), and Plaintiff's motion for reconsideration of the Court's order to appoint counsel (Docket No. 96).

## I.  Defendants' Motion for Reconsideration

### A.  Standard

In the Northern District of California, Local Rule 7-9 allows for the filing of motions for reconsideration with respect to interlocutory orders made in a case prior to the entry of final judgment. *See* Civil L.R. 7-9(a). The moving party must specifically show: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to

the court before entry of the interlocutory order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the court to consider material facts or dispositive legal arguments which were presented to the court before such interlocutory order. *See* Civil L.R. 7-9(b).

Unless otherwise ordered by the Court, no response need be filed to a motion under the Local Rule. *See* Civil L.R. 7-9(c). Because Defendants have demonstrated that the Court failed to consider certain material facts, the Court will GRANT Defendants' request for leave to file a motion for reconsideration and will address the motion for reconsideration without ordering a response from Plaintiff.

**B. Analysis**

Defendants argue that there was a manifest failure by the Court to consider material facts and dispositive legal arguments that require entry of judgment in their favor. Specifically, Defendants argue the following. First, Defendants argue that the Court should have entered judgment in favor of Officers Rippetoe and Schaad because these officers deployed the first two pepper-spray grenades which were necessary to restore discipline and order. Second, Defendants argue that the Court failed to address video footage that contradicted the Court's conclusion that the third grenade may have been thrown before Plaintiff stood up and that conclusively demonstrated that the third pepper-spray grenade was deployed after Plaintiff and another inmate stood up from the ground. Third, Defendants argue that the Court incorrectly applied a reasonableness standard in analyzing the Eighth Amendment claim. Fourth, Defendants argue that in denying qualified immunity, the Court erroneously employed a standard has been rejected by the U.S. Supreme Court and the Ninth Circuit. The Court addresses each argument in turn.

**1. Officers Rippetoe and Schaad**

The Court agrees that summary judgment should be entered in favor of Officers Rippetoe and Schaad. It is undisputed that the first two grenades were necessary to restore discipline and order. Dkt. No. 84 at 10. Whether Defendants engaged in excessive force turns on when and why

2

Defendants deployed the third grenade. It is undisputed that Officers Rippetoe and Schaad did not deploy either the third or fourth grenade, and were only responsible for deployment of the first two grenades. The Court will therefore GRANT Defendants' motion for reconsideration with respect to Officers Rippetoe and Schaad. Summary judgment is GRANTED in favor of Officers Rippetoe and Schaad, and Officers Rippetoe and Schaad are DISMISSED from this action with prejudice.

### 2. Video Footage

Defendants argue that the Court failed to consider footage from camera #9, which they argue conclusively demonstrates that the third and fourth grenade were both deployed after Plaintiff ran away from the scene. Defendants further argue that because the fourth grenade was properly deployed to restore order and discipline, the third grenade was also therefore properly deployed to restore order and discipline. Dkt. No. 87 at 10. In deciding the summary judgment motion, the Court reviewed all the evidence in the record, including footage from camera #9. In the footage from camera #9, the smoke from the grenades obscures the view of the inmates, and makes it difficult to identify when new grenades are deployed. Because the Court must draw all reasonable inferences in favor of Plaintiff and because the video footage does not "clearly contradict the version of the story told by [Plaintiff]," *Scott v. Harris*, 550 U.S. 372, 378 (2007) (finding that videotape clearly contradicted respondent's version of events where respondent claimed he drove safely and followed the rules of the road but videotape showed respondent running red lights, driving at "shockingly fast" speeds, swerving around cars, and crossing double-yellow line), it is inappropriate to grant summary judgment in favor of Defendants based on the record before the Court, *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor.").

### 3. Eighth Amendment Standard for Excessive Force Claims

Defendants argue that there was a manifest failure by the Court to consider dispositive legal arguments that require entry of judgment in their favor on the excessive force claim. More specifically, Defendants argue that the Court erred in concluding that a fact question precluded summary judgment because the Court incorrectly applied a simple reasonableness standard rather than examining whether Defendants applied force "maliciously and sadistically" for the purpose of

3

causing harm. Dkt. No. 87 at 12. Defendants further argue that Plaintiff has not, and cannot, establish malicious intent, and Plaintiff's excessive-force claim must therefore fail as a matter of law. *Id.* at 13.

The Court's determination that Defendants were not entitled to summary judgment on the excessive-force claim did not turn on the reasonableness of Defendants' actions. Rather, the Court considered whether Defendants deployed the third grenade to maintain discipline or for the malicious and sadistic purpose of causing harm. In making this determination, the Court properly considered the need for application of force, the relationship between that need and the amount of force used, the extent of any injury inflicted, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. *Hudson v. McMillian*, 503 U.S. 1, 7; *see also Furnace v. Sullivan*, 705 F.3d 1021, 1028–30 (9th Cir. 2013) (applying *Hudson* five factors to determine whether force was applied to maintain discipline or for malicious and sadistic purpose of causing harm). The law in this Circuit is clear that the use of chemical agents in quantities greater than necessary to restore order or for the sole purpose of infliction of pain violates the Eighth Amendment. *Furnace*, 705 F.3d at 1028.

After reviewing the record, the Court concluded that whether Defendants engaged in excessive force turned on when and why the third grenade was deployed. At summary judgment, the Court was required to make all reasonable inferences in favor of Plaintiff, the non-moving party. As discussed *supra* and in the order granting in part and denying in part summary judgment, the video footage is not conclusive. Plaintiff has provided a personal declaration, and declarations from three other inmate-witnesses who were present at the time of the incident, stating that the third grenade was deployed after prison officials had restored order and discipline and while Plaintiff was lying prone and still on the ground. Defendants have provided conflicting declarations, but summary judgment is not the time for credibility determinations. *Blankenhorn v. City of Orange*, 485 F.3d 463, 470 (9th Cir. 2007) ("'[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions not those of a judge[]'"). If order and discipline had been restored at the time the third grenade was deployed, as alleged by Plaintiff and the witness-inmates, the deployment of the third grenade

4

would be unnecessary. A triable issue of fact therefore exists as to whether Plaintiff jumped up from the ground because Defendants had deployed a grenade next to his head, as Plaintiff alleges, or because he was running away from the incident, as Defendants allege. Summary judgment was therefore not appropriate with respect to Officers Rexford and Evans. *See* Fed. R. Civ. P. 56(a) (specifying that summary judgment is appropriate only where there is no genuine dispute as to any material fact). The Court did not fail to consider dispositive legal arguments with respect to the excessive-force claim. Defendants' motion for reconsideration is therefore DENIED with respect to the excessive-force claim.

### 4. Qualified Immunity

Defendants argue that there was a manifest failure by the Court to consider dispositive legal arguments that entitled them to qualified immunity. More specifically, Defendants argue that in denying qualified immunity, the Court applied an older, more general, qualified immunity standard and ignored the Supreme Court's recent admonition to the Ninth Circuit in in *City and County of San Francisco v. Sheehan*, 135 S. Ct. 1765, 1775–76 (2015) and reiterated in *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015), to not define clearly established law at a high level of generally. However, Defendants' qualified immunity argument is predicated upon the assumption that all four grenades were deployed to restore order and discipline. *See* Dkt. No. 87 at 14–16 ("per established law at the time of the incident, a correctional officer could lawfully use pepper spray to defend against a perceived threat posed by an inmate who is refusing to follow commands."). Here, there is a triable question of fact as to whether the third grenade was deployed in order to restore order and discipline. The question therefore is whether Defendants are entitled to qualified immunity if, as Plaintiff alleges, Defendants threw a pepper-spray grenade next to Plaintiff's face after order and discipline had been restored, and where Plaintiff was lying prone on the floor. At the time of the incident, the law was clearly established that the use of pepper spray against an individual who has been subdued constitutes excessive force. *Furnace*, 705 F.3d at 1028 ("it is a violation of the Eighth Amendment for prison officials to use mace, tear gas or other chemical agents in quantities greater than necessary or for the sole purpose of infliction of pain" (internal quotation marks and citations omitted)) (denying qualified immunity

5

to a prison guard because the right to be free from excessive use of pepper spray was clearly established). The Court did not fail to consider dispositive legal arguments with respect to the qualified immunity claim. Defendants' motion for reconsideration is therefore DENIED with respect to the qualified immunity claim.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Defendants' motion for reconsideration is GRANTED IN PART AND DENIED IN PART. Dkt. No. 87. The Court GRANTS summary judgment in favor of Officers Rippetoe and Schaad from this action and DISMISSES them from this action. The Court DENIES Defendants' motion for reconsideration with respect to the video footage, the excessive-force claim, and the qualified immunity claim.

2. Plaintiff's request for appointment of counsel (Dkt. No. 96) is GRANTED as discussed below.

3. Because the parties have been unable to settle this case, the Court directs the Clerk to REOPEN this action. Plaintiff is REFERRED to the Federal Pro Bono Project for location of pro bono counsel. The Clerk shall forward to the Federal Pro Bono Project a copy of this order. Upon an attorney being located to represent Plaintiff, that attorney shall be appointed as counsel for Plaintiff in this matter until further order of the Court. All proceedings in this action are stayed until four weeks from the date an attorney is appointed. Once such attorney is appointed, the Court will schedule a case management conference.[1]

This order terminates Dkt. Nos. 87 and 96.

**IT IS SO ORDERED.**

Dated: June 30, 2017

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] Defendants have requested that they be allowed to supplement the record to identify which defendant deployed the fourth grenade so that he may be dismissed from this lawsuit as well. Dkt. No. 87 at 9. The Court will address this issue at the case management conference.